SAUNDERS<br>*v.*<br>CARROLL.

No general or special legislative Act can be so construed as to avoid or modify a legal contract previously made. C. C. Art. 1940, No. 1 ; C. C. 8 ; Mackeldy, parte spéciale, sec. 467.

Taking the interrogatories as confessed, and in connection with the same, the letter of October 10th, 1856, it leaves the defendants without any further reply to plaintiff's demand.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.

---

THOMAS BUCKLEY *v.* F. LACROIX AND THE CITY OF NEW ORLEANS.

The failure of the appellant to file the transcript of appeal on the last judicial day, will not be excused on the ground of the Clerk's office being closed earlier than usual; in the absence of proof of the time of day when the attempt was made to file it, the presumption being that it was after business hours.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Hunton & Miller,* for plaintiff. *Collens & Wooldridge* and *J. J. Michel,* for defendants and appellants.

MERRICK, C. J. The appeal in this case was not filed until after three judicial days after the return day. The city of New Orleans has moved for the dismissal of the appeal.

We think the motion must prevail.

It appears that the transcript was completed on the last judicial day, and the Deputy Clerk employed upon the same undertook to file it in the office of the Clerk of the Supreme Court ; that he went in the evening to file the transcript but found the Clerk's office closed earlier than usual ; that he searched for the Clerk, but did not find him that evening, and that he filed the transcript early the next day.

We have not heard it pretended that the Clerk's office was not open as usual during business hours, and in the absence of proof of the time of day when the agent of the appellant went to file the transcript, we must presume that it was after business hours, and that the failure to file the transcript was the fault of the appellant.

It is, therefore, ordered, adjudged and decreed, that the appeal in this case be dismissed at the costs of the appellant.